DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

FLORIDA GULF COAST CHAPTER ASSOCIATED BUILDERS &
CONTRACTORS, INC., as an Organization and Representative of its
Members,

Appellant,

v.

CITY OF ST. PETERSBURG, a Political subdivision of the State of Florida,

Appellee.

No. 2D22-953

_____

December 8, 2023

Appeal from the Circuit Court for Pinellas County; Cynthia Newton,
Judge.

Brian R. Lambert of Adams and Reese, LLP, Tampa; Richard N. Asfar and
Michael J. Baska of Almazan Law, Tampa, for Appellant.

Ashley Moody, Attorney General; Henry C. Whitaker, Solicitor General;
Jeffrey Paul DeSousa, Chief Deputy Solicitor General; and Alison E.
Preston, Assistant Solicitor General; Tallahassee, for Amicus Curiae
State of Florida.

Kenneth W. MacCollom, Assistant City Attorney, St. Petersburg, for
Appellee.

KELLY, Judge.

Appellant Florida Gulf Coast Chapter of Associated Builders & Contractors, Inc. (ABC Gulf), a trade organization, filed suit against appellee City of St. Petersburg (the City), seeking a declaration that the City's "Apprenticeship Ordinance," sections 2-261–64, and its "Disadvantaged Worker Ordinance," sections 2-268–70, St. Petersburg Code of Ordinances, conflict with or are preempted by Florida statutes and that they violate constitutional principles. ABC Gulf also sought an injunction preventing the enforcement of the ordinances. Without elaboration, the trial court rendered final summary judgment for the City. ABC Gulf appeals from that judgment, arguing, inter alia, that the trial court failed to state its reasons for granting summary judgment as required by amended Florida Rule of Civil Procedure 1.510(a). We agree and remand for the trial court to comply with the amended rule.

In 2021, the Florida Supreme Court amended the summary judgment rule, rule 1.510, to conform with the federal summary judgment standard. *In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 309 So. 3d 192, 192 (Fla. 2020) (adopting the federal summary judgment standard); *see also In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d 72, 74 (Fla. 2021) (replacing the text of the former version of rule 1.510 with the text of Federal Rule of Civil Procedure 56). According to the amended rule, "[t]he court *shall* state on the record the reasons for granting or denying the [summary judgment] motion." Fla. R. Civ. P. 1.510(a) (2021) (emphasis added). "The wording of the new rule makes clear that the court's obligation in this regard is mandatory." *In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d at 77. "To comply with this requirement, it will not be enough for the court to make a conclusory statement that there is or is not a genuine dispute as to a

2

material fact." *Jones v. Ervolino*, 339 So. 3d 473, 475 (Fla. 3d DCA 2022) (quoting *In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d at 77).

The new standard governs the adjudication of any summary judgment motion decided on or after the effective date of May 1, 2021. *Id.* at 474. Since summary judgment was rendered in this case after the effective date of the amended rule, the amended summary judgment standard applies here. Accordingly, we reverse and remand to allow the court an opportunity to state its reasons either at a hearing or in a written order. *See Rkhub Logistics LLC v. E. Auto Motor Corp.*, 344 So. 3d 485, 486 (Fla. 4th DCA 2022) (remanding for the court to "state the reasons for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate review" (quoting *In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d at 77)).

Reversed and remanded with instructions.

NORTHCUTT and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.